JEFFERSON, Respondent, v. BEAM, Appellant.

(169 N. W. 525).

(File No. 4334.   Opinion filed Nov. 29, 1918.   Rehearing denied March 12, 1919).

**Contracts—Note for Broker's Commission on Personalty Exchange, Commission From Opposite Party, Effect re Defense to Note.**

The fact that the note in suit was given plaintiff for commission on exchange of personalty, and that plaintiff, without the

knowledge or consent of defendant, received from the opposite party, his employer, a commission, is not a good defense; it appearing that jury, under instructions, must have believed that defendant knew the facts concerning plaintiff's other employment and commission.

　　　Whiting, P. J., and Polley, J., dissenting.

Action by C. C. Jefferson, against J. H. Beam, upon a promissory note. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Null & Royhl,* for Appellant.

*C. A. Kelley* and *James Byrnes,* for Respondent.

Appellant cited:

Leathers v. Canfield, 45 L. R. A., 33. See note 44-48; Lemon v. Little, 21 S. D., 628; Harris v. Leise, 29 S. D., 140; Bell v. McConnell, 37 Ohio State, 396, 41 Am. Rep. 528.

Respondent cited:

19 Cyc. 116, paragraph 4; Synott v. Shanghnessy, (Idaho), 7 Pac. 82; Langford v. Issenhuth, 28 S. D. 451.

GATES, J. Action upon a promissory note; defense, that it was given for a commission upon the exchange of personal property, and that plaintiff, without the knowledge or consent of defendant, was then in the employ of the other party to the exchange and received a commission from him. Judgment for plaintiff for the amount of the note and interest. From the judgment and an order denying a new trial defendant appeals.

Under the instructions given, the jury must have believed that defendant knew of plaintiff's other employment, and that he was to receive compensation therefrom at the time he signed the note, and there was some evidence to warrant such belief. In the view which we take of this case the issue was solely a matter of credibility of the witnesses, and a detailed consideration of the case would serve no useful purpose.

The judgment and order appealed from are affirmed.

WHITING, P. J., and POLLEY, J. (dissenting). Construing the evidence in this case most favorably for plaintiff, it discloses that defendant contracted with plaintiff to give plaintiff an exceedingly large commission if he would dispose of a plowing outfit which defendant owned, and that nothing was said at the time about plaintiff receiving anything from the party to whom he might sell or trade the outfit. It needs no citation of authori-

ties to sustain the proposition that under those circumstances plaintiff owed to defendant the duty of procuring the defendant the very best bargain he could procure, and of keeping defendant fully posted as regarded all matters of financial interest to defendant touching any trade plaintiff might attempt to consummate. Plaintiff admits that, prior to the consummation of the deal by which he disposed of this outfit for defendant, he had an understanding with the other party to the deal by which he was to receive some hay for making the deal if one was made; he, however, testified that, "No understanding arrived as to the quantity of hay I was to get." Plaintiff did afterwards get several tons of hay as commission from such other party. In attempting to avoid the legal effects of such double dealing, plaintiff swore that, when he took the note from defendant in settlement of his commissions, defendant stated that "these other fellows ought to pay just as much commission as I pay"; that in answer he said, "I have no arrangement with them to pay any commission. I don't know as I could get anything from them"; that defendant then said, "I will give you $450, and you get what you can out of them." Of course, if such sworn statements were true, defendant would be without any defense to the note. But the statement that he had no arrangements with the other party for commission was false according to plaintiff's own sworn testimony. His testimony to the effect that there was an arrangement with the other party by which he was to received hay as commission from such party on their deal for the plowing outfit is fully corroborated by the person who represented such other party in the deal. It is against every known principle, recognized in law of agency, to allow plaintiff to recover without at least crediting defendant with the value of the hay received by plaintiff.